**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1090**

LINDA PRINCE-GARRISON,

        Plaintiff - Appellant,

    v.

MARYLAND DEPARTMENT OF HEALTH AND MENTAL HYGIENE, MARYLAND
BOARD OF PHARMACY,

        Defendant – Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.　Catherine C. Blake, District Judge.
(1:07-cv-01165-CCB)

Submitted:　December 17, 2008　　　　Decided:　March 13, 2009

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Michael J. Snider, Jason I. Weisbrot, SNIDER & ASSOCIATES, LLC,
Baltimore, Maryland, for Appellant.　Douglas　F.　Gansler,
Attorney General of Maryland, John S. Nugent, Assistant Attorney
General, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linda Prince-Garrison appeals the district court's order dismissing her complaint against the Maryland Department of Health and Mental Hygiene, Maryland Board of Pharmacy ("DHMH") alleging race, gender, and national origin discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2000) ("Title VII"), and disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12117 ("ADA") (2000). We conclude Prince-Garrison pled sufficient facts to create a reasonable inference of retaliation. Thus, this claim was improperly dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. We find the district court properly dismissed the claims of disparate treatment and hostile work environment.[1]

This court reviews de novo a district court's Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim. DIRECTV, Inc. v. Tolson, 513 F.3d 119, 123 (4th Cir. 2008). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). In ruling on a 12(b)(6) motion, all well-pleaded allegations in the complaint

_____

[1] Prince-Garrison concedes on appeal that the district court properly dismissed her age discrimination claim, claim under 42 U.S.C. § 1981 (2000), and state tort claim.

are to be taken as true and all reasonable factual inferences are to be drawn in the plaintiff's favor. Edwards, 178 F.3d at 244. "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Under the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short plain statement of the claim showing that the pleader is entitled to relief." A civil rights plaintiff need not plead facts that constitute a prima facie case under the framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), in order to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-15 (2002). Nevertheless, the plaintiff retains the burden to allege facts sufficient to state all the elements of her claim. Jordan v. Alternative Resources Corp., 458 F.3d 332, 346-47 (4th Cir. 2006).

A plaintiff pursuing a Title VII claim may either offer direct evidence of discrimination or rely on the burden—

3

shifting framework that was adopted by the Supreme Court in McDonnell Douglas. To plead a case of disparate treatment sufficient to withstand a Rule 12(b)(6) motion, Prince-Garrison must show: (1) she is a member of a protected class; (2) she has satisfactory job performance; (3) she was subjected to adverse employment action; and (4) similarly situated employees outside her class received more favorable treatment. See Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007), cert. denied, 128 S. Ct. 955 (2008).

Prince-Garrison contends that she was subject to disparate treatment based upon race, gender, and national origin. The district court properly determined that Prince-Garrison failed to state a claim of disparate treatment because, by her own description, Prince-Garrison's performance at DHMH was never satisfactory, as she consistently received reports of deficient work performance. In addition, Prince-Garrison did not plead significant adverse employment actions, in view of the voluntary settlement she entered with DHMH and her voluntary resignation.

The other actions complained of by Prince-Garrison, such as her employer's failure to provide her with office supplies, reprimands for insubordination, meetings with supervisors, and directions to attend counseling, do not constitute adverse employment actions. See Thompson v. Potomac

4

Elec. Power Co., 312 F.3d 645, 651-52 (4th Cir. 2002) (finding that neither "disciplinary discussion" prompted by employee's insubordination nor performance evaluation unaccompanied by tangible effects on employment were adverse employment actions for purposes of a retaliation claim under Title VII).

The district court also properly dismissed Prince-Garrison's claim of discriminatory discipline. This court has found that to establish a prima facie case of discriminatory discipline under Title VII, the plaintiff must show: (1) she is part of a class protected by Title VII; (2) her prohibited conduct was comparably serious to misconduct by employees outside the protected class; and (3) the disciplinary measures taken against her were more harsh than those enforced against other employees. See Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993). An allegation of discriminatory discipline however, does not necessarily require proof of an adverse employment action. See Cook, 988 F.2d at 511. Because Prince-Garrison failed to identify a fellow employee who engaged in misconduct similar to hers or was disciplined in any way, the district court correctly dismissed this claim.

Next, to establish a hostile work environment harassment claim, Prince-Garrison must show she was subjected to: (1) unwelcome harassment; (2) based on a protected ground; (3) "sufficiently severe or pervasive to alter the conditions"

5

of her employment and create an abusive work environment; and (4) imputable to her employer. See Baqir v. Principi, 434 F.3d 733, 745-46 (4th Cir. 2006). In determining whether a hostile work environment exists, courts view the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). A defendant must show both that she subjectively perceived her workplace environment as hostile and also that it would be objectively perceived as hostile or abusive. Id. at 22.

The district court correctly determined that Prince-Garrison's conclusory allegations of discrimination on the basis of race, gender, and national origin were inadequate to state a claim. Prince-Garrison's complaint did no more than set forth the legal standard for a hostile work environment and wholly failed to provide factual allegations to support her assertion that such a hostile environment existed at DHMH. Accordingly, we conclude the district court properly dismissed this claim.

Finally, Prince-Garrison contends that the district court erred in dismissing her retaliation claim. To establish a prima facie case of retaliation, Prince-Garrison must prove that she engaged in a protected act, DHMH acted adversely against

6

her, and there is a causal connection between the act and the adverse action.  See Holland, 487 F.3d 208, 218.  Protected activity within the meaning of Title VII includes opposing discriminatory practices or participating in any manner in a Title VII investigation, proceeding, or hearing.  Kubicko v. Ogden Logistics Servs., 181 F.3d 544, 551 (4th Cir. 1999).  The adverse action need not be an ultimate employment decision, but must be "materially adverse," meaning "it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination."  Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotations and citations omitted).  Moreover, to state a claim of retaliation, an employee must be complaining of an unlawful employment practice or actions the employee reasonably believes are unlawful. Jordan, 458 F.3d at 338-39.

The district court found that Prince-Garrison failed to state a claim of retaliation because she did not show a materially adverse employment action.  The court noted the fact that an internal settlement between the parties retracted a five-day suspension and a prospective termination, and gave Prince-Garrison backpay.  The court found a one-day suspension that remained was not objectively material.  Moreover, the court found that Prince-Garrison failed to allege a causal connection between the protected activity and any adverse action because

7

three months separated her initial complaint of discrimination and the purported retaliatory conduct.

We conclude that under notice pleading requirements, Prince-Garrison stated a claim of retaliation sufficient to survive a motion to dismiss. Prince-Garrison engaged in protected activity during the complaint process with the Maryland Commission on Human Rights and when she repeatedly complained of discrimination to staff at MHDH. Prince-Garrison states that after her complaints she was prospectively terminated and immediately suspended. After these actions were rescinded, Prince-Garrison contends, she was micromanaged and treated with hostility. Prince-Garrison asserts she was also threatened with a cultural discrimination complaint to be filed by her supervisor if she did not rescind her complaints. While the activities Prince-Garrison complained of do not amount to actual discrimination or harassment prohibited by Title VII, it is enough for a retaliation claim that Prince-Garrison reasonably believed she was engaging in protected activity by complaining about them. <u>Jordan</u>, 458 F.3d at 339-40. Moreover, the district court is incorrect in concluding that the mediation and settlement resolved all adverse employment actions. Prince-Garrison was threatened with suspension at least three times and with termination twice, and despite later remedial action, there remains an inference of retaliation for engaging in a protected

8

act.  We conclude that because Prince-Garrison's complaint sufficiently creates an inference that retaliation occurred, the district court erred in finding that Prince-Garrison failed to state a claim of retaliation.

Accordingly we vacate the district court's order dismissing her retaliation claim and remand for further proceedings.[2]  We affirm the remainder of the order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED IN PART, VACATED
IN PART, AND REMANDED

---

[2]  By the disposition, we intimate no view as to the appropriate resolution of Prince-Garrison's retaliation claim.